IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARBUZZ TOBACCO, INC., <br><br>         Plaintiff, <br><br>    v. <br><br> FUAD NAJI SAEED, an individual doing business as STARBUZZ SMOKESHOP, <br><br>         Defendant. | No. C 13-3837 SI <br><br> **ORDER GRANTING PLAINTIFF'S MOTIONS TO STRIKE AFFIRMATIVE DEFENSES** |

Plaintiff's motion to strike defendant's affirmative defenses is scheduled for a hearing on December 13, 2013. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. **The case management conference scheduled for December 13, 2013 at 2:30 p.m. remains on calendar**. For the reasons set forth below, the Court GRANTS the motion to strike with leave to amend. **Any amended answer must be filed no later than December 13, 2013.**

**BACKGROUND**

Plaintiff Starbuzz Tobacco Inc. filed this complaint for trademark infringement and unfair competition against defendant Fuad Naji Saeed, an individual doing business as Starbuzz Smokeshop. The complaint alleges that plaintiff is the owner of the registered trademarks "Starbuzz" and "Starbuzz Tobacco," and that plaintiff manufactures, distributes, imports and sells tobacco and related products

1   throughout the United States and internationally. Compl. ¶¶ 11-12. The complaint alleges that
2   defendant is doing business as Starbuzz Smokeshop, and that defendant's use of "Starbuzz Smokeshop"
3   infringes on plaintiff's registered marks. The complaint alleges that plaintiff sent defendant a cease and
4   desist letter in August 2011, and that in response defendant "indicated that he had stopped using the
5   Infringing Mark and changed his business name to 'THE BUZZ SMOKE SHOP.'" *Id.* ¶ 23. According
6   to the complaint, plaintiff later discovered that defendant "had reneged on his promise" and was
7   continuing to use the infringing mark. *Id.* ¶ 24. Plaintiff sent another cease and desist letter, which was
8   returned to plaintiff in the mail. *Id.* ¶ 25. This lawsuit followed.[1]

On September 16, 2013, defendant answered the complaint, and on September 27, 2013, defendant filed an amended answer asserting eleven affirmative defenses.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(c) requires defendants to "affirmatively state any avoidance or affirmative defense" they wish to assert. Rule 8(b)(1) further requires defendants to "state in short and plain terms [their] defenses to each claim asserted against [them]." Under Rule 8(c), an "affirmative defense is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173-74 (N.D. Cal. 2010) (internal quotations and citation omitted). The defendant bears the burden of proof for each affirmative defense. *Kanne v. Conn. Gen. Life Ins. Co.*, 867 F.2d 489, 492 (9th Cir. 1988).

Federal Rule of Civil Procedure 12(f) provides that a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A defense may be insufficient "as a matter of pleading or as a matter of substance." *Sec. People, Inc. v. Classic Woodworking, LLC*, No. 04-3133 MMC, 2005 WL 645592, at *2 (N.D. Cal. Mar. 4, 2005). A defense

---

[1] Although not relevant to the Court's consideration of plaintiff's motion to strike, defendant Fuad Saeed has submitted a declaration stating that in response to the August 2011 cease and desist letter, he changed the name of the store by obtaining a new business license, but that he did not understand he needed to change the signage outside the store. Saeed Decl. ¶¶ 5-9. Defendant states that he sold the store in May or June 2013, and that he no longer has any ownership interest in, or affiliation with, the store. *Id.* ¶ 15.

2

1 may be insufficient if it fails to provide the plaintiff with "fair notice" of the defense asserted against him and the grounds upon which that defense is asserted. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (citing *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957)). However, motions to strike are generally disfavored. *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001). When a claim is stricken, "leave to amend should be freely given," provided no prejudice results against the opposing party. *Wyshak*, 607 F.2d at 826.

**DISCUSSION**

Plaintiff moves the Court to strike all affirmative defenses except the third affirmative defense of failure to mitigate damages. Plaintiff contends that defendant's affirmative defenses fail to comply with the pleading standards set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The Court agrees.

While the Ninth Circuit has not yet ruled on the issue, a majority of district courts in this circuit, including this Court, require that affirmative defenses comply with the pleading standard set forth in *Twombly* and *Iqbal*. *See Cabrera v. Alvarez*, No. C 12-04890 SI, 2013 WL 3146788, at *3 (N.D. Cal. June 18, 2013) (collecting cases); *see also Barnes*, 718 F. Supp. 2d at 1171-72. Applying the *Twombly/Iqbal* standard to affirmative defenses also "weed[s] out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims asserted." *Barnes*, 718 F. Supp. 2d at 1172. This Court agrees with the majority of district courts, and applies the *Twombly/Iqbal* pleading standard to affirmative defenses.

Applying this standard to the affirmative defenses at issue, the Court concludes that the affirmative defenses are insufficiently pled and that defendant should be granted leave to amend to cure the deficiencies. While the Court agrees with defendant that at the pleadings stage he is neither required to prove his affirmative defenses nor is he required to allege facts that are solely within the knowledge of the plaintiff (such as plaintiff's intent), defendant must still allege some facts showing that the affirmative defenses are plausible. Here, the affirmative defenses are stated as conclusions and are devoid of supporting facts. For example, the first and second affirmative defenses of estoppel and waiver assert on information and belief that plaintiff "was aware of defendant's alleged conduct and

acquiesced in the same." Amended Ans. Aff. Def. ¶¶ 1-2. Similarly, the fourth affirmative defense alleges that "the causes of action set forth in the Complaint are, and each of them, barred in whole or in part by the privilege of fair competition." *Id.* ¶ 4. These allegations, which are representative of the challenged affirmative defenses, are conclusory and do not provide any facts showing that the defenses are plausible. Accordingly, the Court GRANTS plaintiff's motion to strike with leave to amend.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS plaintiff's motion to strike with leave to amend. **Any amended answer must be filed no later than December 13, 2013.**

**IT IS SO ORDERED.**

Dated: December 5, 2013

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE